(No. 77-CC-1515 and 77-CC-1516—■■■■)

DOUGLAS VOLL and SHARON SVOBODA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 19, 1979.*

ROBERT H. GONZALES and VIVIEN HARA HERSH, both for Claimants.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This case arises out of an incident which occurred on May 13, 1977 in San Jose, California, some seven months following the escape of Walter Lee McCottrell from Joliet State Prison in October, 1976.

McCottrell was serving a term for armed robbery and had been assigned to the prison farm. At the time of his escape, he was driving a prison truck. The investigation of the prison authorities revealed that as the result of McCottrell becoming overly friendly with a female instructor at the prison school, it was decided by the administration that he should be removed from the farm and placed inside of the general prison population. A message was dispatched to the farm to have McCottrell brought inside. While verification was being obtained, McCottrell somehow apparently learned of the impending transfer back inside and simply took off with the truck.

Seven months later, and at a distance of some 3,000 miles from Joliet State Prison, the incidents occurred out of which this claim arises. At that time, McCottrell robbed the motel where he was staying and herded the manager and a female clerk into a bedroom where the

manager's wife was in bed and proceeded to shoot at all three with an obvious intent to murder. The wife was miraculously not hit by any of the shots, but the two Claimants were severely wounded. Claimant, Sharon Svoboda, suffered among other things, a temporary loss of sight which was restored by the removal of a cataract.

There are three issues involved in the present case: (1) jurisdiction; (2) Respondent's negligence (a) proximate cause of Claimants' injuries; and (3) damages and appropriate setoff.

Claimants rely on Ill. Rev. Stat. 1977, ch. 23, par. 4041, which provides as follows:

"Whenever a claim is filed with the Department of Mental Health and Developmental Disabilities, the Department of Children and Family Services or the Department of Corrections, for damages resulting from personal injuries or damages to property, or both, or for damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable, penal, reformatory, or other institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Mental Health and Developmental Disabilities, the Department of Children and Family Services, or the Department of Corrections, shall conduct an investigation to determine the cause, nature, and extent of the damages and if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the Department may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have the power to hear and determine such claims."

Claimants assert the liability of the State of Illinois under the above-quoted statute. Respondent vigorously argues that this Court does not have jurisdiction over this case. Respondent admits that the above-quoted inmate damage statute is a "law of the State of Illinois" and under Section 8 of the Court of Claims Act (Ill. Rev. Stat. (1977), ch. 37, par. 439.8), this Court has jurisdiction. However, it is asserted that a Claimant, in relying upon a statutory cause of action such as the inmate damage statute, must precisely follow the provisions of the statute in asserting claims and if such procedures are not so followed, the claims must be denied.

Respondent argues that the evidence did not show and it is not alleged in the case at bar that claims were ever filed with the Department of Corrections. Thus, Respondent argues that the claims must be denied, and that this Court should not assume jurisdiction without a showing of strict adherence to the statutory procedures. We do not agree.

The record discloses that Claimant wrote certain letters to officials of the State of Illinois, including the governor and the attorney general, dated May 20, 1977 and July 13, 1977, copies of which letters are appended to Claimant's reply brief as exhibits A-1 and A-2. It is Claimant's contention that these letters adequately satisfy the requirement of the statute that claims be filed with the Department of Corrections. It appears by these letters that the State was given notice of the pending action and that the Respondent's contention that the failure of the Department of Corrections to conduct an investigation and recommend a settlement to the Court, procedures entirely within the control and purview of the Department of Corrections could not, if not followed through, constitute a bar to Claimants' claim.

This Court has previously held in 22 Ill. Ct. Cl. 271 and 29 Ill. Ct. Cl. 71 that a favorable recommendation by the Department of Public Welfare is not a condition precedent to a recovery. To hold otherwise would put the Department of Public Welfare in a position superseding the Court of Claims and we do not believe it is the legislature's intention that the act or failure to act by the Department of Public Welfare is binding upon the Court of Claims.

This Court has previously held that under this statute the State is not absolutely liable for acts of escaped prisoners, see 23 Ill. Ct. Cl. 47, and the State is not an insurer. See 22 Ill. Ct. Cl. 27.

This Court has also held that every case arising under this section of the statute must be decided on its own merits.

Former Chief Justice Perlin, in a well considered opinion in 26 Ill. Ct. Cl. 15 establishes the procedure that must be followed and the proof that must be made by Claimant before recovery can be had. A review of similar cases decided by the Court of Claims deals with claims that have arisen during an escape.

In the present case, the escape took place approximately seven months before and 3,000 miles away from the place where the injuries were sustained.

The State raises the issue that the injuries complained of were not the proximate results of the escape. The facts disclose that the escaped prisoner, while an inmate of the Joliet State Prison, had conducted himself in such a manner that he was given the special privilege of trustee. This would strongly indicate that his behavior at said prison was not such as to lead the State to believe that the acts complained of by Claimants would naturally and probably result if he escaped.

In virtually all of the escaped prisoner cases in which claims have been filed, the damages were the result of a continuous and unbroken series of events immediately following the escape and were not, as in the present case, entirely disconnected from the escape and completely remote from the act of escape itself.

This Court, in some of its decision, has held that the liability was limited to damages that were actively committed during the escape or the apprehension of the escaped prisoner and that it was directly related to the escape or apprehension.

It is the Court's opinion that it was not the intention of the legislature to make the State of Illinois an insurer

for every act of an escaped prisoner and the statute under which this claim is filed should be limited to damages occurring in the actual escape or matters directly related to said escape and not to matters so remote as seven months after the escape and 3,000 miles from the scene of the escape.

This Court has previously held in 23 Ill. Ct. Cl. 47 that there is not absolute liability upon the State under this section of the statute and the Court, in that case, further stated that the recommendations of the Department of Public Welfare are advisory only and not binding upon the Court.

The Court feels that there must be a showing of some connection upon which a finding may be made that the actual escape of the inmate and the damage or injury sustained by Claimants were related in the sense that the damage or injury was caused proximately by the act of escape and the reasonably foreseeable consequences falling therefrom.

The Court believes that Claimants in this case have not met the requirements of proof to establish their cause of action.

It is the Court's opinion that the acts complained of were too remote from the actual act of the escape itself and that the acts complained of, based upon the history of the prisoner, were not foreseeable by the State of Illinois, and further that the escape itself was not the proximate cause of the injuries complained of.

Award denied.